FILED
2011 May-06  PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | _____ |
| | ) | CV-11-BE-1530-M |
| **JANA BROOKS and ANGELA CAYLOR,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT FOR STATUTORY INTERPLEADER
## AND DECLARATORY RELIEF

Minnesota Life Insurance Company ("Minnesota Life") files this complaint for interpleader and declaratory relief and states as follows:

### PARTIES

1.     Minnesota Life is an insurance company organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota.  Minnesota Life is a citizen of the State of Minnesota.

2.     Defendant Jana Brooks, upon information and belief, is a citizen of the State of Alabama and is the surviving wife of the decedent Jerry Brooks ("Mr. Brooks").

3.     Defendant Angela Caylor, upon information and belief, is a citizen of the State of Georgia and is a daughter of Mr. Brooks.

4.     Mr. Brooks, upon information and belief, was a resident of Gadsden, Alabama at the time of his death.

## JURISDICTION AND VENUE

5.     This is an action for interpleader arising under 28 U.S.C. § 1335 (federal interpleader statute) involving adverse claims to the proceeds of a life insurance policy.  Further, the life insurance plan at issue in this case is an employee welfare benefit plan that is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

6.     There is diversity of citizenship among two or more interpleader defendants.  Based upon the minimal diversity of the interpleader defendants and an amount in controversy greater than $500, this Court has jurisdiction pursuant to 28 U.S.C. § 1335.  Because this is an ERISA matter, this Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

7.     Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1397 because at least one interpleader defendant resides in this judicial district.  Venue is also proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391 because this case is brought in the district where a substantial part of the events or omissions giving rise to the claim occurred.

8.     Nationwide service of process is authorized under 28 U.S.C. § 2361.

## FACTS

9.     Mr. Brooks was insured under a group life insurance plan ("the plan") issued by Minnesota Life to his employer, Goodyear Tire & Rubber.  The plan is an employee welfare benefit plan that is regulated by ERISA.  Under the plan, Mr. Brooks was enrolled for $6,700.00 of basic life insurance coverage and $40,000.00 of supplemental life insurance coverage.  The total coverage under the plan for Mr. Brooks was $46,700.00.

10.    Mr. Brooks died on July 24, 2010.

11.    On May 7, 2002, Mr. Brooks executed a beneficiary designation form, attached as Exhibit 1, for the life insurance plan when it was administered by MetLife Insurance who was then acting as the insurance carrier.

12.    Minnesota Life became the life insurance carrier for this plan on May 1, 2005.

13.    When Minnesota Life became the insurance carrier, Mr. Brooks and other plan participants were notified that they were to submit beneficiary designations to Minnesota Life by July 27, 2006.  The notifications also stated that if participants failed to designate a beneficiary that benefits would be paid by default and the previous designations would no longer be effective.

3

14.     Minnesota Life had no beneficiary designation on file at the time Mr. Brooks passed away.

15.     In a letter sent to Minnesota Life on January 12, 2011, an attorney for Angela Caylor informed Minnesota Life as follows:

> ...[Minnesota Life] mentioned that the beneficiary reconciliation letters had been sent to my uncle, Jerry Wayne Brooks, on three different occasions, all of which were reportedly sent to 3916 Cloverdale Road, Anniston, Alabama 36207. This was not my uncle's place of residence...

16.     Further, it was suggested in the letter that Mr. Brooks, and perhaps other plan participants, "were under the impression...that their named beneficiaries form their former life insurance provider (prior to Minnesota Life) were still in place."

17.     Both Jana Brooks and Angela Caylor have contacted Minnesota Life claiming entitlement to the life insurance benefits.

18.     On February 22, 2011, Minnesota Life notified Ms. Brooks and Ms. Caylor of their competing claims.  Minnesota Life encouraged the defendants to attempt to resolve their competing claims without resorting to litigation.

19.     To date, the defendants have not been able to resolve the dispute.

## COUNT I

20.     Minnesota Life incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

4

21.    Minnesota Life claims no interest in the death benefit due under the plan and is an impartial stakeholder.

22.    Minnesota Life is in doubt as to which of the defendants in this action is entitled to receive the death benefits under the plan or the amount, if any, each interpleader defendant is entitled to receive.

23.    Payment of the death benefit, or a portion of the death benefit, to any of the interpleader defendants will expose Minnesota Life to multiple liability.

24.    A just and expeditious determination of the proper recipients of the death benefit and the amount that each defendant is entitled to receive requires the defendants to interplead and litigate their claims to Policy proceeds.

25.    Minnesota Life is ready, willing, and able to deposit into the Court's registry a check in the amount of $46,700.00, plus interest, upon issuance of an order granting Minnesota Life leave to deposit the life insurance proceeds. Minnesota Life will abide by any order of the Court relating to the distribution of the interpleader property.

WHEREFORE, Minnesota Life respectfully requests the following relief:

(a)    Enjoining the interpleader defendants, their agents, attorneys, and assigns, from instituting or prosecuting any action in any federal, state or administrative forum against Minnesota Life relating to the Policy or benefits due under the Policy;

(b)     Directing Minnesota Life to deposit into the Court $46,700.00,

representing the death benefit under the Policy, plus interest, minus reasonable

attorneys' fees and costs;

(c)     Awarding Minnesota Life its reasonable attorneys' fees and costs,

which shall be deducted from the amount to be deposited with the Court;

(d)     Discharging Minnesota Life from any and all liability relating to the

Policy and benefits due under the Policy;

(e)     Requiring the interpleader defendants to interplead as to their

respective rights to the proceeds of the Policy; and

(f)     Granting such other and further relief as the Court deems just and

proper.

_____
One of the Attorneys for
Minnesota Life Insurance Company

OF COUNSEL:
Terrence W. McCarthy
*tmccarthy@lightfootlaw.com*
Brooke G. Malcom
*bmalcom@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

NOV 29 1994

**HOURLY EMPLOYEE**
**DESIGNATION OR CHANGE OF BENEFICIARY FORM**

PART I. INSURANCE PLANS

NAME _____ RELATIONSHIP _____

NAME _____ RELATIONSHIP _____

EMPLOYEE SIGNATURE _____ DATE _____

PART II. EMPLOYEE SAVINGS PLAN
(AT DESIGNATED LOCATIONS)

NAME _____ RELATIONSHIP DAUGHTER

NAME _____ RELATIONSHIP _____

EMPLOYEE SIGNATURE _____ DATE _____

MARITAL STATUS [ ] Married [X] Single

SPOUSE'S SIGNATURE _____ DATE _____

WITNESS FOR SPOUSE _____
(Company Representative)

STATE OF _____ COUNTY OF _____

**EXHIBIT 1**